IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRISTINE MELO,<br><br>    Plaintiff,<br><br>    v.<br><br>FRIDA KAHLO CORPORATION, et al.,<br><br>    Defendants. | Case No. 19-cv-05449-CRB<br><br>**ORDER STAYING MOTION TO DISMISS AND DENYING MOTION FOR PRELIMINARY INJUNCTION** |

On Friday, June 26, 2020, the Court heard arguments on the Motion to Dismiss filed by Defendants Frida Kahlo Corporation and Frida Kahlo Investments, S.A. ("FKC"), see FKC MTD (dkt. 41), and the Motion for a Preliminary Injunction filed by Plaintiff Cristine Melo ("Melo"), see Melo MPI (dkt. 39). The Court took the motions under submission, see Motion Hearing (dkt. 53), and now issues this Order.

As to the Motion to Dismiss, the Court remains concerned about specific jurisdiction. Melo's claim that there is specific jurisdiction is based in large part on two allegations: that Melo's residence in California was "front and center" on her Zazzle profile, and that Zazzle took down Melo's work because its contract with FKC obligated it to do so. See SAC (dkt. 38) ¶¶ 197, 202. While the first allegation is essentially unchallenged, the second is unclear. Under the agreement, Zazzle is required to filter content "to prevent the purchasing of any content which violates [FKC's] Guidelines." Zazzle Agreement (dkt. 41-1 Ex. 1) § 5.3. At the hearing, Melo argued that this language charges Zazzle with policing its site for violations of FKC's marks. FKC disagreed, arguing that the language pertains only to merchandise that Zazzle sells within its

Frida Kahlo FanMerch store.[1]  The Court hereby STAYS the Motion in order to get clarity on this point.

Melo indicated at the motion hearing that she intends to add Zazzle as a defendant in this case, and the Court gave her permission to do so.  The Court will also permit Melo to conduct 30 days of jurisdictional discovery regarding the Agreement between FKC and Zazzle, its "Guidelines," meaning, and any amendments.  Melo should amend the complaint within 15 days following jurisdictional discovery to add any allegations that she believes support her assertions that Zazzle took down her work pursuant to its contract with FKC.  See SAC ¶ 202.  Assuming that FKC still wishes to dismiss the complaint following amendment, FKC may add to its Motion to Dismiss briefing within 30 days of amendment.  Melo may oppose FKC's amended Motion to Dismiss within 14 days, and FKC may reply to Melo's opposition within 7 days.  The Court will then set the matter for a hearing if it concludes that one is necessary.

As to the Motion for Preliminary Injunction, the Court DENIES that Motion without prejudice.  Melo may bring the Motion anew if and when the Court determines that it has jurisdiction over the case following amendment.

The Court no longer requires the parties' anticipated briefing on Nursery Decals & More, Inc. v. Neat Print, Inc., No. 3:19-cv-2606-B, 2020 WL 1819885 (N.D. Tex. April 10, 2020).

**IT IS SO ORDERED.**

Dated: June 29, 2020

CHARLES R. BREYER
United States District Judge

---

[1] The parties also debated the significance of Zazzle's Director of Licensing writing an email stating: "Per our agreement, we are required to remove designs that may infringe on FKC's IP, even if there is not a specific request from FKC to do a takedown."  Barron Decl. Ex. 1 (dkt. 41-2) at 3.