IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRISTINE MELO,<br><br>    Plaintiff,<br><br>    v.<br><br>FRIDA KAHLO CORPORATION, et al.,<br><br>    Defendants. | Case No. 19-cv-05449-CRB<br><br>**ORDER DENYING MOTION TO DISMISS** |

The Court has carefully reviewed the briefing on the Motion to Dismiss filed by Defendants Frida Kahlo Corporation and Frida Kahlo Investments, S.A. ("FKC") in March of this year, see March MTD (dkt. 41); March Opp'n (dkt. 46); March Reply (dkt. 49), as well as the Third Amended Complaint ("TAC") (dkt. 60-1), which followed the Court's invitation to Melo to "get clarity" on specific jurisdiction and undertake jurisdictional discovery, see Order Staying MTD (dkt. 54) at 2, the supplemental briefing following amendment, see Supp. MTD (dkt. 61); Supp. Opp'n (dkt. 62); Supp. Reply (dkt. 63), and Melo's short response to the Court's recent inquiry, see Order Directing Response (dkt. 64); Response (dkt. 65).  The Court is now persuaded that it has jurisdiction over this matter, and DENIES the Motion to Dismiss.

FKC moved to dismiss based on lack of personal jurisdiction, lack of subject matter jurisdiction, and improper venue.  See March MTD.

    **1.    Personal Jurisdiction**

The main impediment to moving forward in this case has been the question of specific jurisdiction.  See Order Staying MTD at 1 ("the Court remains concerned about specific jurisdiction.").  "There are three requirements for a court to exercise specific jurisdiction over a

nonresident defendant: (1) the defendant must either 'purposefully direct his activities' toward the forum or 'purposefully avail himself of the privileges of conducting activities in the forum'; (2) 'the claim must be one which arises out of or relates to the defendant's forum-related activities'; and (3) 'the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.'" Axiom Foods, Inc. v. Acerchem Int'l, Inc., 874 F.3d 1064, 1068 (9th Cir. 2017) (original alterations omitted). If the plaintiff is able to meet its burden of satisfying the first two prongs of this test, the defendant has the burden of demonstrating that exercising jurisdiction would not be reasonable. Id. at 1068–69.

Given the plausible allegations in the TAC that Red Points was acting as FKC's agent for enforcement of FKC's trademarks, see TAC ¶¶ 11–14, that "the alleged location blind aspect" of Red Points' algorithm is irrelevant because a "client review" occurs before takedown notices are sent, id. ¶ 21, and that Melo's platform landing pages prominently displayed her California residency at the time of some of the takedowns at issue in this case, id. ¶¶ 10, 19–20 ("Ms. Melo herself has received more than a dozen takedowns from FKC and/or its agents, all while her platform landing pages make clear she is a California resident."); see also Response at 2 (confirming this assertion), the Court concludes that Melo has satisfied her burden under Axiom Foods. FKC's relationship with Zazzle, now discussed in more detail in the TAC, increases FKC's contacts with California. See TAC ¶¶ 23–50.[1]

### 2. Subject Matter Jurisdiction

Under Article III of the Constitution, plaintiffs in federal court must allege an "actual case or controversy." City of Los Angeles v. Lyons, 461 U.S. 95, 101 (1983). Melo seeks Declaratory Judgment. The Declaratory Judgment Act provides that "[i]n a case of actual controversy within its jurisdiction . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a). The phrase "case of

---

[1] The Court does not reach Melo's argument that there is also personal jurisdiction over FKC under Rule 4(k)(2) of the Federal Rules of Civil Procedure because FKC does not, in fact, have an office in Florida. See Supp. Opp'n at 8–9.

1   actual controversy" in the Declaratory Judgment Act refers to Article III's "Cases" and
2   "Controversies" for justiciable claims.  MedImmune, Inc. v. Genentech, Inc., 549 U.S. 119, 126–
3   27 (2007) (citing Aetna Life Ins. Co. v. Haworth, 300 U.S. 227, 240 (1937)).  To constitute a case
4   or controversy, "the question in each case is whether the facts alleged, under all the circumstances,
5   show that there is a substantial controversy, between parties having adverse legal interests,
6   sufficient immediacy and reality to warrant the issuance of a declaratory judgment." Id., 549 U.S.
7   at 127 (quoting Maryland Casualty Co. v. Pacific Coal & Oil Co., 312 U.S. 270, 273 (1941)).
8   Without a "case or controversy," the Court lacks subject matter jurisdiction under Rule 12(b)(1).
9   Fleck and Assoc., Inc v. Phoenix, an Arizona Mun. Corp., 471 F.3d 1100, 1103–04 (9th Cir.
10  2006).

11       FKC argues that this case is moot, and no longer in controversy, because FKC
12  "immediately reinstated the relevant takedowns that Red Points initiated."  March MTD at 4.
13  Where a defendant claims that "its voluntary compliance moots a case," that defendant "bears the
14  formidable burden of showing that it is absolutely clear the allegedly wrongful behavior could not
15  reasonably be expected to recur." Already, LLC v. Nike, Inc, 568 U.S. 85, 91 (2013) (citing
16  Friends of the Earth, Inc. v. Laidlaw Environmental Services (TOC), Inc., 528 U.S. 167, 190
17  (2000)).  FKC retracted the takedowns on Redbubble and "reinstated all of Plaintiff's items in the
18  Second Amended Complaint and requested that Red Points and Redbubble cease from taking
19  down Plaintiff's items."  March MTD at 2.  FKC asserts that retracting those takedowns and
20  allowing Melo's art to appear on Redbubble again divests Melo of an Article III case and
21  controversy.  Id. at 12.

22       But the Redbubble takedowns continued after the initial reinstatements, see SAC ¶¶ 139–
23  60, so it is not "absolutely clear" that the takedowns "could not reasonably be expected to recur."
24  Unlike Already, here there is no covenant not to sue or similar representation from FKC.  FKC has
25  never completely withdrawn their allegations that Melo's art could infringe their '902 mark.  In
26  fact, FKC asserts that although the art subject to the original four Redbubble takedowns referenced
27  in the Amended Complaint did not infringe, that should not mean that all of Melo's artwork does
28  not infringe.  See FKC Opp'n to Melo MPI (dkt. 42) at 4.  FKC has not agreed not to challenge

1  Melo's other artwork. Nor has FKC offered any assurance that they will not accuse Melo of

2  infringement. There is not even an instrument enforcing FKC's statement to Melo's counsel that

3  the particular artwork on Redbubble was non-infringing. Accordingly, there is nothing to prevent

4  FKC from returning to issuing takedowns for the same art or for other artwork not the subject of

5  infringement in this case.

6  Melo has alleged a case or controversy[2] and thereby met her burden as to subject matter

7  jurisdiction.

### 3. Venue

In a civil action, venue is proper: (1) in a judicial district in which any defendant resides, (2) in a judicial district "in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated," or (3) "in a judicial district in which any defendant is subject to the court's personal jurisdiction" if there is no district in which an action may otherwise be brought. See 28 U.S.C. § 1391(b)(1)–(3) (emphasis added). The Court concludes that, based on the allegations in the TAC, Melo has satisfied the second basis. Venue is proper in the Northern District of California, where Zazzle, eBay, Redbubble, Etsy, and Melo are all based, and where a substantial part of the events of this case occurred. See, e.g., TAC ¶¶ 10, 20, 22, 35, 37, 52, 53, 61.

The Motion is therefore DENIED.

**IT IS SO ORDERED.** Dated:

October 16, 2020



CHARLES R. BREYER
United States District Judge

---

[2] Moreover, in the Ninth Circuit, a declaratory judgment action asserting that a trademark is invalid or that the plaintiff is not infringing asserts a case or controversy "if the plaintiff has a real and reasonable apprehension that he will be subject to liability if he continues to manufacture his product." Rhoades v. Avon Prods., Inc., 504 F.3d 1151, 1157 (9th Cir. 2007). Melo has met this standard. See Chesebrough-Pond's, Inc. v. Faberge, Inc., 666 F.2d 393, 396 (9th Cir. 1982) (citing Societe de Conditionnement v. Hunter Eng'g Co., 655 F.2d 938, 944 (9th Cir. 1981)) (emphasizing "likely impact on competition and the risks imposed upon the plaintiff").